**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAIME MARTINEZ-SEGURA** | § | |
| | § | **A-12-CV-541 LY** |
| **V.** | § | **(A-09-CR-391 LY)** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

Before the Court is Jaime Martinez-Segura's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on June 21, 2012 (Clerk's Docket No. 45).

## I. GENERAL BACKGROUND

On September 19, 2009, Movant Jamie Martinez-Segura pled guilty to the sole count of an indictment charging him with illegal reentry into the United States by a removed alien, in violation of 8 U.S.C. § 1326. On December 4, 2009, the District Court sentenced Movant to a 70-month term of imprisonment, followed by a three-year term of supervised release, and a $100 mandatory assessment fee. Movant filed a direct appeal of his conviction and sentence which was affirmed by the United States Court of Appeals for the Fifth Circuit on September 7, 2010. *See United States v. Jaime Martinez-Segura*, No. 09-51126 (5ᵗʰ Cir. Sept. 7, 2010). The United States Supreme Court denied Movant's petition for writ of certiorari on January 18, 2011. *See United States v. Jaime*

*Martinez-Segura*, 131 S.Ct. 963 (2011).  On June 21, 2012, Movant filed the instant Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255.

## II. ANALYSIS

In his § 2255 Motion, Movant contends that (1) the District Court erred by giving Movant a 16 level enhancement under U.S.S.G. § 2L1.2, and that (2) he was denied the effective assistance of counsel.  The Court is unable to address the merits of Movant's Motion because it is time-barred under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Section 105 of the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for filing a § 2255 motion in federal court.  Section 2255, amended by § 105(2) of the AEDPA, provides as follows:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The Petitioner has not alleged or produced any evidence or argument that the Government has impeded him from filing a § 2255 Motion prior to the end of the limitations period.  The Petitioner had sufficient knowledge of the facts at a time that he could have timely filed his Petition.

The Petitioner makes no allegation that his claims concern a Constitutional right recently recognized by the Supreme Court (or any other court) that would have a retroactive effect on his claims. Thus, subsections (2)-(4) of the one-year limitation rule do not apply in the case at bar. Therefore, Movant's ability to file a § 2255 motion is governed by subsection (1) of the one year limitation period and the period begins running on the date on which his judgment of conviction became final. While § 2255(1) does not define when a judgment of conviction becomes "final" for purposes of the limitation period, the Supreme Court has held that a judgment becomes final "when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).

In the case at bar, Movant's conviction became final on January 18, 2011, when the Supreme Court denied his writ of certiorari. Under the AEDPA, Movant was therefore required to file a § 2255 motion on or before January 18, 2012. Movant, however, did not file the instant § 2255 motion until June 21, 2012. Accordingly, Movant's motion is time-barred under the AEDPA.

## III.  RECOMMENDATION

The Magistrate Court RECOMMENDS that the District Court **DISMISS** Jaime Martinez-Segura's Movant' Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 as time-barred under the AEDPA.

## IV.  WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.

*Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V. CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

SIGNED this 6th day of July, 2012.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE